UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DANIEL CASTILLO-ANTONIO, <br><br> Plaintiff, <br><br> v. <br><br> RUSHDEY O. HESHMA, et al., <br><br> Defendants. | Case No. 15-cv-02102-EDL <br><br> **ORDER ON DEFENDANTS' MOTION FOR AN ORDER TO SHOW CAUSE** <br><br> Re: Dkt. No. 20 |

On November 20, 2015, Defendants filed this motion for an order to show cause as to why subject matter jurisdiction exists over Plaintiff's Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., claim based on their representation that they had cured all violations, and/or done what was 'readily achievable.' Plaintiff opposed on the ground that Defendants' photographs and declaration did not conclusively establish that they had cured all the previously identified violations, such as a mop sink in the bathroom which Plaintiff contends impedes maneuverability. "'[W]here a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief,'" as is the case here, the "'question of jurisdiction and the merits of an action are intertwined.'" Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039-40 (9th Cir. 2004) (quoting Timberland Lumber Co. v. Bank of Am., 549 F.2d 597, 602 (9th Cir. 1976)); Johnson v. Hernandez, 69 F. Supp. 3d 1030, 1034 (E.D. Cal. 2014). "In such a case, the district court assumes the truth of allegations in a complaint . . . unless controverted by undisputed facts in the record. . . . Dismissal is then appropriate where it appears beyond doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief." Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987).

For the reasons stated at the hearing, Defendants' motion is denied as the Court is unable to determine on the record before it that Plaintiff cannot state an ADA claim. Even if Plaintiff

may only be able to state a claim for ongoing ADA violations that were not alleged in the complaint, he does not necessarily lack standing. See Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1043-44 (9th Cir. 2008) ("[W]here a disabled person has Article III standing to bring a claim for injunctive relief under the ADA because of at least one alleged statutory violation of which he or she has knowledge and which deters access to, or full use and enjoyment of, a place of public accommodation, he or she may conduct discovery to determine what, if any, other barriers affecting his or her disability existed at the time he or she brought the claim. This list of barriers would then in total constitute the factual underpinnings of a single legal injury . . . yielding Article III standing.").

Additionally, as stated at the hearing, the Parties were ordered to meet and confer on scheduling Plaintiff's follow-up site inspection, which will be at Plaintiff's expense and need not be a joint inspection, in the very near future. Once they have agreed on a date, and by no later than January 20, 2016, the Parties shall file a brief statement indicating when the inspection will occur. Within five business days of the completion of that inspection, the Parties are ordered to promptly file a joint update of no more than five pages indicating the Parties' respective positions on whether all ADA violations have been remedied and whether a further case management conference is necessary.

**IT IS SO ORDERED.**

Dated:  January 13, 2016

ELIZABETH D. LAPORTE
United States Magistrate Judge

2