UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DANIEL CASTILLO-ANTONIO,<br><br>Plaintiff,<br><br>v.<br><br>RUSHDEY O. HESHMA, et al.,<br><br>Defendants. | Case No. 15-cv-02102-EDL<br><br>**ORDER TO SHOW CAUSE** |

On May 9, 2015, Plaintiff filed this case, alleging violations of the Americans with Disabilities Act ("ADA") and California law. On November 20, 2015, Defendants filed a motion arguing that Plaintiff's ADA claim is moot because they have remedied all of the alleged ADA violations and that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims. On January 13, 2016, this Court denied Defendants' motion because it was not sufficiently clear that all violations had been remedied and ordered Plaintiff to conduct a follow-up inspection.

On February 5, 2016, the Parties filed status updates in which they both agreed that "all barriers have been remedied." (Dkt. 36 (Plaintiff's Status Update) at 3; Dkt. 43 (Defendants' Status Update) at 2.) Therefore, it appears that Plaintiff's ADA claim should be dismissed as moot. See Oliver v. Ralphs Grocery Co., 654 F.3d 903, 905 (9th Cir. 2011) ("[A] defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim."). If the Court dismisses the ADA claim, it would decline to exercise supplemental jurisdiction over Plaintiff's state law claims as "'[i]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims.'" Sanford v. MemberWorks, Inc., 625

1  F.3d 550, 561 (9th Cir. 2010) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7

2  (1988)); Oliver, 654 F.3d at 911 (district court did not abuse its discretion in dismissing the

3  plaintiff's state law claims after it granted summary judgment to the defendants on the plaintiff's

4  ADA claim).

5      While Plaintiff contends that he needs discovery to pursue statutory damages, attorneys'

6  fees and costs, dismissal of the case as moot would not support any such award. See Oliver, 654

7  F.3d at 905 ("a private plaintiff can sue only for injunctive relief . . . under the ADA").[1]

8  Accordingly, Plaintiff is hereby ORDERED to show cause why this case should not be dismissed.

9  Plaintiff's response of no more than 10 pages to this order shall be filed no later than February 29,

10  2016. It is further ORDERED that if Plaintiff fails to file a response to this order, the Court will

11  dismiss Plaintiff's ADA claim with prejudice and dismiss Plaintiff's state law claims without

12  prejudice.

13  **IT IS SO ORDERED.**

14  Dated: February 22, 2016

*[signature]*

ELIZABETH D. LAPORTE
United States Magistrate Judge

---

[1] Although the ADA provides for recovery of attorneys' fees and costs for "prevailing plaintiffs," there is no "prevailing" party in a moot case. See Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res., 532 U.S. 598, 605 (2001) ("Our precedents [] counsel against holding that the term 'prevailing party' authorizes an award of attorney's fees without a corresponding alteration in the legal relationship of the parties."); Feezor v. Lawrence J. Zangari, Inc., 2008 WL 4279410, at *6 (S.D. Cal. Sept. 12, 2008) ("Here, Plaintiff [] brought an action under the ADA and a parallel action under the CDPA. Defendants' remedial action of the alleged ADA and parallel CDPA violations rendered those violations moot. . . . Although California recognizes the catalyst theory under which a party may be considered a prevailing party, the Buckhannon court explicitly abolished the theory as a permissible basis for the award of attorney's fees under the ADA . . . . Plaintiff is not entitled to attorney's fees under federal law.").