UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DANIEL CASTILLO-ANTONIO,<br><br>  Plaintiff,<br><br>  v.<br><br>RUSHDEY O. HESHMA, et al.,<br><br>  Defendants. | Case No.  15-cv-02102-EDL<br><br>**ORDER OF DISMISSAL**<br>Re: Dkt. No. 44 |

On May 9, 2015, Plaintiff filed this case, alleging violations of the Americans with Disabilities Act ("ADA") and California law. On November 20, 2015, Defendants filed a motion arguing that Plaintiff's ADA claim is moot because they have remedied all of the alleged ADA violations and that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims. On January 13, 2016, this Court denied Defendants' motion because it was not sufficiently clear that all violations had been remedied and ordered Plaintiff to conduct a follow-up inspection. On February 5, 2016, the Parties filed status updates in which they both agreed that "all barriers have been remedied." (Dkt. 36 (Plaintiff's Status Update) at 3; Dkt. 43 (Defendants' Status Update) at 2.) On February 22, 2016, the Court ordered Plaintiff to show cause why this case should not be dismissed. The Court set a February 29, 2016 deadline to respond to its order and warned Plaintiff that if he "fails to file a response . . . the Court will dismiss Plaintiff's ADA claim with prejudice and dismiss Plaintiff's state law claims without prejudice." (Dkt. 44.)

Plaintiff failed to timely respond to this Court's order. Accordingly, this case is hereby dismissed. Plaintiff's ADA claim is dismissed with prejudice. See Oliver v. Ralphs Grocery Co., 654 F.3d 903, 905 (9th Cir. 2011) ("[A] defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim."). The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and those claims are

1  dismissed without prejudice.  See Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir.

2  2010) ("'In the usual case in which all federal-law claims are eliminated before trial, the balance

3  of factors to be considered under the pendent jurisdiction doctrine – judicial economy,

4  convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the

5  remaining state-law claims.'" (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7

6  (1988)).

7  **IT IS SO ORDERED.**

8  Dated: March 1, 2016



ELIZABETH D. LAPORTE
United States Magistrate Judge